IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SVETLANA DVORTSOVA,<br><br>    *Plaintiff,*<br><br> v.<br><br>CITY OF PHILADELPHIA,<br><br>    *Defendant.* | CIVIL ACTION<br>NO. 21-548 |

**PAPPERT, J.**                                 July 27, 2021

### MEMORANDUM

  Plaintiff Svetlana Dvortsova brought this civil rights action after the City of Philadelphia deemed her property "imminently dangerous" and demolished it. Dvortsova claims the City violated her procedural due process rights under the Fourteenth Amendment and her right to be free from unreasonable seizures under the Fourth Amendment. The City filed an Answer and now moves for judgment on the pleadings. The Court denies the Motion.

I

A

  In August of 2005, Dvortsova purchased real property at 2544 Alter Street in Philadelphia. (Complaint ¶¶ 21, 25, 37, ECF 1.) On September 28, 2020, the City sent inspector Michael Farley to the property, which had become damaged. (*Id.* ¶¶ 2–3.) Farley deemed the property "imminently dangerous," setting off the following process. (*Id.* ¶ 4.)

  On September 29, Farley issued a Violation Notice and Order to Correct. (*Id.* ¶ 27.) The City mailed the Notice to Dvortsova the next day. (*Id.* ¶ 29.) Dvortsova

received the Notice on Friday, October 2. (*Id.* ¶ 30.) The Notice informed Dvortsova that she had to repair or demolish the structure immediately and that she could appeal Farley's determination by October 4. (*Id.* ¶¶ 31–32.) If she did not repair or demolish the property by October 8, the City would demolish it. (*Id.* ¶ 34.) Despite this purported timeline and Dvortsova's efforts to repair the property, the City began demolition on October 4. (*Id.* ¶¶ 37, 47.) Dvortsova contacted Farley who suggested she obtain a stop order, but she was unable to stop the demolition. (*Id.* ¶ 43.) By October 5 or 6, the City had demolished the 2544 Alter Street property. (*Id.* ¶¶ 17, 43.)

B

Dvortsova alleges that the City—acting both contrary to its official policies and consistent with unofficial policies and customs—violated her Fourteenth Amendment due process rights and her Fourth Amendment right to be free from unreasonable seizures. *See* (*id.* ¶¶ 5, 19, 35, 48, 59, 60). She claims the City did not give her adequate notice and an opportunity to be heard before demolishing her property. (*Id.* ¶¶ 56, 62, 64.) She also contends the City unreasonably seized her property when it demolished it without providing her recourse to avoid demolition. (*Id.* ¶ 76.)

C

In its Motion for Judgment on the Pleadings, the City argues only that Dvortsova does not adequately allege that a City policy or custom caused her injury. (Mot. 3, ECF 5.) First, it contends that Dvortsova merely recites the elements of a *Monell* claim for municipal liability without providing specific factual allegations detailing how the City's policy or custom caused her injury. (*Id.* at 6–7) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). Second, it argues Dvortsova does not

identify a municipal policymaker or allege that a policymaker's conduct caused her injury. (*Id.* at 8.)

Dvortsova responds that the Complaint satisfies either standard under *Monell*. She argues it contains allegations that the City acted according to a custom of conducting curbside demolitions without properly notifying property owners. (Resp. to Mot. 9, ECF 7) (citing Compl. ¶ 72.) And she contends that the Complaint alleges that Farley "possessed the final authority to establish a municipal policy," rendering him a policymaker under *Monell*. (*Id.* at 10) (citing Compl. ¶¶ 38, 71.)

II

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The pleadings are closed after an answer is filed and after a reply is filed to any additional claims asserted in the answer. *Austin Powder Co. v. Knorr Contracting, Inc.*, No. 3:08-cv-1428, 2009 WL 773695, at *1 (M.D. Pa. Mar. 20, 2009). Under Rule 12(c), courts will grant a judgment on the pleadings "only if, viewing all the facts in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 257 (3d Cir. 2012); *see also Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sikirica*, 416 F.3d at 220. In other words, a district court applies the same standard to a judgment on the pleadings as it does to a motion to dismiss pursuant to Rule 12(b)(6). *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991) ("Rule 12(h)(2) provides that a

defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings. In this situation, we apply the same standards as under Rule 12(b)(6).").

To survive dismissal under Federal Rule of Civil Procedure Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation marks and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

### III

The City argues only that Dvortsova fails to adequately plead the elements of a *Monell* claim for municipal liability. The Court disagrees.

A

Plaintiffs may sue local governments and municipalities under § 1983. However, "a government entity may not be held vicariously liable under § 1983 for the acts of its employees under a *respondeat superior* theory of liability." *Winn & Sons, Inc.*, 162 F. Supp. 3d 449, 459 (E.D. Pa. 2016) (citing *Monell*, 436 U.S. at 691). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) ("When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." (quotation marks omitted)).

A municipal policy is an official proclamation, policy, or edict issued by a municipal employee with "final authority" over policymaking. *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). A municipal custom, by contrast, is "a given course of conduct, although not endorsed or authorized by law, [that] is so well-settled and permanent as virtually to constitute law." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). Pointing to an unconstitutional policy or custom is not enough, though. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of [her] injuries." *Id.*

B

Dvortsova has done enough at this stage to survive the City's Motion. Somewhat confusingly, she alleges the City acted both *in accordance with* and *in contravention of* official poicy and custom when demolishing her property. But her allegations that the City acted according to an established policy or custom are sufficient to state a claim for relief.

Dvortsova alleges the City's decision to fast-track demolition of her property was part of a "custom and practice" by which the City deems a property dangerous and quickly solicits bids from demolition contractors before a property owner can contest demolition. (Compl. ¶¶ 59–60.) She further claims "[t]he City's decision to demolish without affording the record owner [her] due process rights has been a custom of the City, has been reprimanded before, and is in direct contravention of its written procedures." (*Id.* at ¶ 72) (citing *Bullard v. City of Philadelphia*, No. 10-7223, 847 F. Supp. 2d 711, 722 (E.D. Pa. 2012)). On top of those allegations, she claims Inspector Farley is a policymaker with "full and final authority to order that a property be demolished." *See* (*id.* at ¶ 11). Dvortsova's allegations are somewhat conclusory, but at this stage they just barely "nudge[] [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547; *cf. 3909 Realty LLC v. City of Philadelphia*, No. 21-cv-030, 2021 WL 2342929, at *4 (E.D. Pa. June 8, 2021) ("*Monell* liability is generally not amenable to resolution at the pleading stage, as it requires a plaintiff to plead facts outside his or her personal knowledge. Resolution of the ultimate merits of a *Monell* claim usually requires examination of matters beyond the pleadings, a task which cannot be undertaken in the context of a motion to dismiss.").

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

7